UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA　　　:　　No. 4:94-CR-189-02
　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
FREDERICK R. KELSEY　　　　　　:　　(Judge Muir)

ORDER

February 10, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The majority of this order's background is set forth in our orders of August 9, 2001, and March 28, 2003.  In the former order we denied Frederick R. Kelsey's motion to dismiss the indictment for lack of jurisdiction.  In the latter order we denied Kelsey's motion for post-conviction relief pursuant to 28 U.S.C. § 2255.  Kelsey appealed the former order without success.  Kelsey litigated his § 2255 motion pro se and in forma pauperis.  His attempt to appeal the denial of that motion ended when the Court of Appeals for the Third Circuit refused to grant his application for a certificate of appealability.

On February 3, 2006, Kelsey filed a motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(6).  In that motion Kelsey contends that our March 28, 2003, order "is based on an incorrect or erroneous interpretation of the law" and that we "overlook[ed]" one of his claims." (Motion Under 60(b)(6), pp. 1, 2)  We will rule on the motion without requiring the parties to file any briefs because we have all of the information

necessary to consider the motion.

Federal Rule of Civil Procedure 60 is entitled "Relief From Judgment or Order."  Subdivision (b) of the Rule is entitled "Mistakes, Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; Etc.," and it sets forth the following six grounds for obtaining relief:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

As a threshold matter, we seriously doubt that any of the arguments raised in Kelsey's Rule 60(b) motion are within the scope of the Rule.  Kelsey's contentions are more akin to those raised in a motion for reconsideration or a successive § 2255 motion, and they should have been raised in such a motion.  One reason to deny Kelsey's Rule 60(b) motion is that it constitutes an inappropriate attempt to avert the procedural requirements imposed in connection with such motions.  Even if Kelsey's arguments could be construed as being within the scope of Rule 60(b)(6), none of his contentions justifies relief from the operation of our March 28, 2003, order.  However, that is not the

only reason to deny Kelsey's motion.

Rule 60(b) expressly provides that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ.P. 60(b).  The order at issue in Kelsey's pending motion was entered on March 28, 2003, or approximately 3 years ago.  To the extent that his arguments are addressed by the first, second, or third reasons set forth in Rule 60(b), the motion is untimely because it has been filed more than one year after entry of the order.  To the extent that his contentions are covered by the sixth ground referenced in Rule 60(b), we are of the view that the motion is untimely because it has not been filed within a reasonable time.

We will deny Kelsey's motion for relief pursuant to Rule 60(b)(6).

NOW, THEREFORE, IT IS ORDERED THAT:

1.   Kelsey's motion (Document 395) filed pursuant to Rule 60(b)(6) is denied.

2.   Any appeal from this order will be deemed lacking a substantial showing of the denial of a constitutional right and, therefore, a certificate of appealability

will not be issued.


                                        s/Malcolm Muir
                                        MUIR, U.S. District Judge

MM:ga